UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SPENCER NEAL,

      Plaintiff,

  v.

DIVYA JYOTI LTD.,

      Defendant.

Case No. 2:18-cv-958
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

The matter before the Court is Plaintiff Spencer Neal's Motion for Leave to File Under Seal (ECF No. 49). For the reasons that follow, the motion (ECF No. 49) is **DENIED**.

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d

at 305–06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

Plaintiff has filed a Motion to Enforce the Settlement Agreement in which he asserts the parties executed a settlement agreement on January 29, 2020. (ECF No. 48.) Plaintiff maintains that Defendant has failed to comply with the agreement by failing to pay sums, as agreed. (*Id.*) In support of this motion, Plaintiff seeks to file the parties' settlement agreement under seal. (ECF No. 49.) Plaintiff contends the settlement agreement is confidential. (*Id.*)

Plaintiff's motion for leave to file under seal falls short of the standards established by the Sixth Circuit. As this Court has stated previously, "[t]he parties' preference to keep their agreement confidential is insufficient to warrant a seal." *White v. Wilberforce Univ.*, No. 1:16-cv-1165, 2017 U.S. Dist. LEXIS 131143, at *4 (S.D. Ohio Aug. 17, 2017). Plaintiff has not demonstrated a compelling reason for requesting a seal or set forth any information from which the Court could make specific findings and conclusions justifying non-disclosure to the public. Plaintiff will need to file the settlement agreement in the public record for the Court to consider the motion to enforce the agreement.

Accordingly, the motion to seal (ECF No. 49) is **DENIED**.

    **IT IS SO ORDERED.**

**4/13/2020**                           **s/Edmund A. Sargus, Jr.**
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**